BLANK ROME, LLP
Attorneys for Plaintiff
BRADE CARRIERS INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADE CARRIERS INC.,<br><br>Plaintiff,<br><br>-against-<br><br>PACIFIC MINERALS LIMITED, MINERAL POWER LIMITED, and PACIFIC MINERAL POWER LIMITED<br><br>Defendants. | 08 Civ. 03190<br><br>**AMENDED VERIFIED COMPLAINT** |



Plaintiff, BRADE CARRIERS INC. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, PACIFIC MINERALS LIMITED, MINERAL POWER LIMITED, and PACIFIC MINERAL POWER LIMITED (sometimes hereafter referred to as "Defendants"), alleges upon information and belief as follows:

1.   This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.   At all material times, Plaintiff was and now is a Liberian corporation with no place of business in this District.

3. At all material times, Defendants were and are corporations organized and existing under the laws of Hong Kong or another foreign jurisdiction, all having their place of business at Unit 4211 42F COSCO Tower, 183 Queens Road Central, Hong Kong, and having no office or place of business in this Judicial District.

4. On or about December 7, 2007, Plaintiff, as disponent owner, entered into a charter party ("the Charter") with Defendant Pacific Minerals Limited, as Charterer, for the carriage of a cargo of bulk iron ore from Brazil to China on a vessel to be nominated by Plaintiff.

5. Plaintiff nominated a vessel and performed all obligations required of it under the Charter, but Defendant Pacific Minerals Limited failed to provide a cargo, in breach of the Charter.

6. By reason of the premises, Plaintiff has sustained damages in the amount of at least US$6,062,540 for the difference between the Charter revenue and revenue on substitute business. Defendant Pacific Minerals Limited has failed to pay the aforesaid damages, despite due demand, and is liable to Plaintiff for the sum of US$6,062,540, plus interest and costs.

7. Upon information and belief, at all material times there existed such unity of ownership and interest between and among the Defendants that no separation existed between them and their respective corporate forms and integrity have been disregarded by them and by their beneficial owners.

8. Upon information and belief, at all material times there has been an intermingling of funds between and among the Defendants so that the funds of one were used to pay the obligations of the others. In particular, and without limitation, Defendant Mineral Power Limited has paid charter hire to ship owners on behalf of Pacific Minerals Limited in circumstances in which Mineral Power Limited had no obligation to do so, but merely by reason

of the Defendants' intermingling of funds. Additionally, the President of Pacific Minerals Inc. has stated that a restrained fund transfer in the name of Defendant PACIFIC MINERAL POWER LIMITED was "our" money.

9. Upon information and belief, at all material times, Defendants operated out of the same office and had the same employees, managers, and beneficial owners, who have dominated, controlled, and used the Defendants for their own purposes such that there is not meaningful difference between or among the entities.

10. Upon information and belief, at all material times, each of the Defendants has disregarded its own and the others' corporate forms to the extent that each was actually carrying on one business, and not the businesses of separate corporations.

11. There are reasonable grounds to conclude that the Defendants are alter egos of one another and that Plaintiff has a valid prima facie *in personam* claim against each of the Defendants for the full amount owed to Plaintiff under the Charter.

12. The Charter provides for the arbitration of disputes in London, England, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8 and has in fact commenced arbitration.

13. Arbitrators in London routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

14. Plaintiff estimates it will recover interest of at least US$1,403,111 at a rate of 7% compounded quarterly for a period of three years, and arbitral and legal costs of at least US$300,000.

15. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$7,765,651**.

16. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$7,765,651** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the London arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated:  New York, NY
        April 11, 2008

                                        Respectfully submitted,
                                        BLANK ROME, LLP
                                        Attorneys for Plaintiff
                                        BRADE CARRIERS INC.

                                        By _____
                                          Jack A. Greenbaum (JG 0039)
                                        The Chrysler Building
                                        405 Lexington Ave.
                                        New York, NY 10174-0208
                                        (212) 885-5000
                                        jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
11th day of April, 2008

_____
Notary Public

DIANE E. TRONE
Notary Public, State of New York
No. 01TR6175697
Qualified in New York County
Commission Expires Oct. 15, 2011

311510.1
129548.00601/6631406v.1

6

BLANK ROME, LLP
Attorneys for Plaintiff
BRADE CARRIERS INC.,
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADE CARRIERS INC.,<br><br>             Plaintiff,<br><br>    -against-<br><br>PACIFIC MINERALS LIMITED, MINERAL POWER LIMITED and PACIFIC MINERAL POWER LIMITED,<br><br>             Defendants. | 08 Civ. 03190<br><br>**AMENDED AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK      )
                                    ) ss:
COUNTY OF NEW YORK  )

        JACK A. GREENBAUM, being duly sworn, deposes and says:

        1.     I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, PACIFIC MINERALS LIMITED, MINERAL POWER LIMITED and PACIFIC MINERAL POWER LIMITED ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

1. Defendants are parties to a maritime contract of charter party and are foreign corporations with offices in Hong Kong, all having their place of business at Unit 4211 42F COSCO Tower, 183 Queens Road Central, Hong Kong, and having no office or place of business in this Judicial District.

2. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

2. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
11th day April, 2008

Notary Public

DIANE E. TRONE
Notary Public, State of New York
No. 01TR6175697
Qualified in New York County
Commission Expires Oct. 15, 2011

311808.1
129548.00601/6631436v.1

2